HEIRS OF CORTIJO Y ANDINO, Plaintiffs and Appellants, *v.* TOMÁS CRUZ, ETC., Defendant and Appellee.

No. 5165. Argued December 20, 1929.—Decided January 31, 1930.

*Dubón & Ocholeco,* for appellants.  *García Méndez & García Méndez,* for appellee.

Mr. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We are asked to dismiss this appeal for failure to file it in time, and for lack of diligence in its prosecution.

The judgment appealed from was rendered on the 15th of April, 1929, and notified on the 17th of the same month. The notice of appeal appears to have been filed on the 17th of the following May, that is, in time. But the appellee maintains that it was filed on May 18th, or after the statutory period of one month prescribed for taking an appeal had elapsed.

In order to prove his assertion, the appellee has submitted an affidavit of José Otero, file clerk of the court, tending to show that the notice of appeal had not been filed before the court closed its office on the 18th; a document attesting to the purchase on May 18th of the excise stamp affixed to the notice, as required to render such notice valid; and an affidavit of the employee who sold the stamp the recitals of which agree with what appears on the face of the said document.

The appellants have opposed appellee's motion. As regards the first ground of dismissal, they maintain that the notice shows on its face that the appeal was taken on the 17th and not on the 18th of May. They submitted an affidavit of Josefina Naranjo, an employee of the district court, in charge of the filing of documents, setting forth that at 4:15 p. m. on

the 17th of May the notice was delivered to her together with an excise stamp, which she affixed and canceled; an affidavit of José Molina, wherein the affiant states that he purchased the said excise stamp in the office of the internal revenue collector of San Juan on the afternoon of May 17 and that he delivered it on that same afternoon, together with the notice, in the office of the clerk of the court; and several certificates tending to show that in order to make timely preparation for the close of the daily transactions, such stamps as are bought late in the office of the collector are made to appear as having been bought on the following day, and that this might have occurred in connection with the stamp affixed to the notice in the present case.

In view of the foregoing, the conclusion must be reached that what appears on the face of the notice of appeal, namely, that it was presented on the 17th of May, is sustained by a preponderance of the evidence and, therefore, that the appeal was filed within the time prescribed by law.

We have considered the second ground of dismissal and, although what occurred prior to the rendition of the judgment seems indeed rather impossible—a situation where, by reason of the granting of succesive extensions for filing a brief, which had been promised to the judge, the rendition of the judgment was delayed from January 27, 1928, when the trial ended, to April 15, 1929, when the judgment was pronounced—and the fact that the preparation of the transcript of the evidence for the purposes of the appeal should not have been completed as yet, is something which shows an excessive delay; nevertheless, as the former was consented to by the trial judge and the latter is being done under an extension granted by the court, and, besides, no bad faith on the part of the appellants or abuse of discretion on the part of the district court in granting that extension is shown, we are not in position to take the action sought.

By reason of the foregoing, the motion to dismiss the appeal must be denied.